**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| **J & J SPORTS PRODUCTIONS, INC.,** <br><br> Plaintiff, <br><br> vs. <br><br> **JEFFREY DALE SORRELS**, individually and d/b/a Gator's Bar & Restaurant; and **FIRST STATE DINING CORP.** d/b/a Gator's Bar & Restaurant, <br><br> Defendants. | C.A. No. 07-CV-00439-JJF |

## FIRST AMENDED COMPLAINT

### JURISDICTION

1. Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.*, and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S. Section 553, *et seq.*

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight program hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, publication, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Delaware.

721106_1

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in Delaware because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

5. The Plaintiff, J & J Sports Productions, Inc. is, and at all relevant times mentioned was, a California corporation with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

6. Plaintiff is informed and believes, and alleges thereon that defendant, Jeffrey Dale Sorrels, is an individual and the d/b/a Gator's Bar & Restaurant is a business entity, the exact nature of which is unknown, having its principal place of business at 519 E. Basin Road, New Castle, Delaware 19720.

7. Plaintiff is informed and believes, and alleges thereon that defendant, First State Dining, Corp. is an unknown business entity d/b/a Gator's Bar & Restaurant, the exact nature of which is unknown, having its principal place of business at 519 E. Basin Road, New Castle, Delaware 19720.

## COUNT I
### (Violation of 47 U.S.C. Section 605)

8. Plaintiff J & J Sports Productions, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-7, inclusive, as though set forth herein at length.

9. By contract, Plaintiff J & J Sports Productions, Inc., paid for and was thereafter granted the exclusive nationwide television distribution rights to the *Bernard Hopkins v. Jermain Taylor World Championship Fight Program* which took place on July 16, 2005, (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

721106_1

10. Pursuant to contract, Plaintiff J & J Sports Productions, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Delaware, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.)

11. As a commercial distributor of sporting events, including the Program, Plaintiff J & J Sports Productions, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

12. With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every one of the above-named defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at the addresses of their respective establishments, as indicated above. Said unauthorized interception, publication, exhibition and divulgence by each of the defendants was done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

13. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff J & J Sports Productions, Inc., had the distribution rights thereto).

14. By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*

721106_1

15. By reason of the defendants' violation of 47 U.S.C. Section 605, *et seq.*, Plaintiff J & J Sports Productions, Inc., has the private right of action pursuant to 47 U.S.C. Section 605.

16. As the result of the aforementioned defendants' violation of 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff J & J Sports Productions, Inc., is entitled to the following from each defendant:

(a) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii); and

(b) the recovery of full costs, including reasonable attorneys fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

## COUNT II
### (Violation of 47 U.S.C. Section 553)

17. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-16, inclusive, as though set forth herein at length.

18. The unauthorized interception, exhibition, publication, and divulgence of the Program by each of the above named defendants are prohibited by Title 47 U.S.C. Section 553 *et seq.*

19. By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated 47 U.S.C. Section 553, *et seq.*

20. By reason of the defendants' violation of 47 U.S.C. Section 553, *et seq.*, Plaintiff J & J Sports Productions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 553.

21. As the result of the aforementioned defendants' violation of Title 47 U.S.C. Section 553, and pursuant to said Section 553, Plaintiff J & J Sports Productions, Inc., is entitled to the following from each defendant:

(a) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. 553 (b)(2);

(b) the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and

(c) and in the discretion of this Honorable Court, reasonable attorneys fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

### COUNT III
### (Conversion)

22. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-21, inclusive, as though set forth herein at length.

23. By its acts as aforesaid in interception, exhibiting, publishing, and divulging the Program at the above-captioned address, the aforementioned defendants, and each of them, tortuously obtained possession of the Program and wrongfully converted it to its own use and benefit.

24. The aforesaid acts of each the defendants were willful, malicious, and intentionally designed to harm Plaintiff J & J Sports Productions, Inc., and to subject said Plaintiff to economic distress.

25. Accordingly, Plaintiff J & J Sports Productions, Inc., is entitled to both compensatory, as well as punitive damages, from each of the aforementioned defendants as the result of the defendants' egregious conduct and conversion.

### CONCLUSION

WHEREFORE, plaintiff J & J Sports Productions, Inc. respectfully requests that the Court enter judgment as follows:

**As to the First Count:**
1. For statutory damages in the amount of $100,000.00 against defendants, and each of them;

2. For reasonable attorney fees pursuant to statute;

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs; and

721106_1

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For statutory damages in the amount of $50,000.00 against defendants, and each of them;

2. For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute;

3. For all costs of suit, including but not limited to filing fees, service process fees, investigative costs; and

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1. For compensatory damages in an amount according to proof against defendants, and each of them;

2. For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute;

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs; and

4. For such other and further relief as this Honorable Court may deem just and proper.

HARVEY ♦ PENNINGTON LTD.

Dated: September __, 2007
Wilmington, DE

Charles J. Brown, III (No. 3368)
913 Market Street, Suite 702
Wilmington, DE 19801
Phone: 302-428-0719
Facsimile: 302-428-0734
cbrown@harvpenn.com
    and
Thomas P. Riley, Esq.
First Library Square
1114 Fremont Avenue
S. Pasadena, CA 91030-3227

*Attorneys for Plaintiff*

721106_1

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____Delaware_____

J & J Sports Productions, Inc.

V.

Jeffrey Dale Sorrels, individually
and d/b/a Gator's Bar & Restaurant;
and First State Dining Corp.
d/b/a Gator's Bar & Restaurant.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 07-CV-00439-JJF

TO: (Name and address of Defendant)

First State Dining Corp.
519 E. Basin Road
New Castle, DE 19720

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Charles J. Brown, III, Esq. (No. 3368)
Harvey, Pennington Ltd.
913 Market Street, Suite 702
Wilmington, DE 19801

an answer to the complaint which is served on you with this summons, within __twenty__ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

☐ Other (specify): _____

_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                    Date                                *Signature of Server*

                                        _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____Delaware_____

J & J Sports Productions, Inc.

V.

Jeffrey Dale Sorrels, individually
and d/b/a Gator's Bar & Restaurant;
and First State Dining Corp.
d/b/a Gator's Bar & Restaurant.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 07-CV-00439-JJF

TO: (Name and address of Defendant)

Jeffrey Dale Sorrels
519 E. Basin Road
New Castle, DE  19720

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Charles J. Brown, III, Esq. (No. 3368)
Harvey, Pennington Ltd.
913 Market Street, Suite 702
Wilmington, DE  19801

an answer to the complaint which is served on you with this summons, within ___twenty___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____
_____
_____

☐ Other (specify): _____
_____
_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

   I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____   _____
                       Date                                *Signature of Server*

                                                         _____
                                                         *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.